# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| **James Stevens**, *on behalf of himself and all others similarly situated*, | : Civil Action No.: _____ <br> : <br> : <br> : |
| **Plaintiff,** | : |
| v. | : **FLSA COLLECTIVE ACTION** <br> : **COMPLAINT** |
| **3 Squares Diner, LLC** | : |
| **Defendant.** | : **JURY TRIAL DEMANDED** <br> : <br> : |

For this Complaint, the Plaintiff, James Stevens, by undersigned counsel, states as follows:

## INTRODUCTION

1. Employers must pay one and one-half times an employee's regular rate of pay to for hours the employee works over forty hours in each workweek. Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. § 207.

2. Employers must pay employees for all time worked and cannot deduct time for meal breaks when they know or have reason to know their employees are working rather than having meal breaks. 29 C.F.R. 785.19.

3. Here, Defendant failed to pay Plaintiff and other similarly situated employees (such as Line Cooks and Servers) an overtime rate for the hours which they worked over forty in each workweek in these non-exempt positions.

4. Defendant violated the FLSA by making unlawful deductions of 30 minutes from the time records of Plaintiff and other similarly situated employees for supposed meal periods, despite that, with very rare exceptions, no break was taken and the time was entirely spent doing the employees' same normal duties.

5. Defendant also failed to act in good faith by failing to take active steps to learn and comply with these laws, and Defendant's actions were willful.

6. Plaintiff, on behalf of himself and others similarly situated, now seeks damages for the harm caused by Defendant's unlawful conduct and wage theft, including but not limited to lost wages, liquidated damages, attorney fees, costs, and all other remedies available under federal law.

## JURISDICTION

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a federal claim pursuant to the FLSA.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

9. Plaintiff, James Stevens ("Plaintiff"), is an adult individual residing in Moultrie, Georgia.

10. Defendant 3 Squares Diner, LLC ("Defendant") is a limited liability company formed under the laws of the State of Georgia and registered to do business in Georgia with a principal place of business at 2530 Pheasant Drive, Albany, GA 31707.

11. Defendant owns and operates at least nine diner restaurants, including but not limited to the following locations upon information and belief:

  a. 1400 Moultrie Rd, Albany GA, 31705

  b. 1204 S. Martin Luther King Jr. Blvd, Americus, GA 31719-3468

  c. 523 W Shotwell St., Bainbridge, GA 39819

      d. 38 East Blvd NE, Cairo, GA 39828

      e. 741 Forrester Drive, Dawson, GA 39842

      f. 401 E 3rd St, Donalsonville, GA 39845-1735

      g. 1587 U.S. Hwy 19 S, Leesburg, GA 31763

      h. 401 Veterans Pkwy, Moultrie, GA 31788

      i. 202 W. Franklin St, Sylvester, GA 31791-2008

12. With rare exceptions, these different restaurant locations are open 24-hours per day, 7-days per week.

13. These different restaurant locations advertise together utilizing common methods, such as the same website.

14. These different restaurant locations utilize the same practices and procedures with respect to accounting and bookkeeping.

15. These different restaurant locations utilize the same decision makers with respect to setting the rules of operation.

16. These different restaurant locations are subject to common management.

17. These different restaurant locations utilize the same rules and procedures with respect to the payment of their employees.

18. Defendant employed Plaintiff at all times relevant hereto.

## **FACTUAL ALLEGATIONS**

19. From approximately July 1, 2023 through October 23, 2023, Plaintiff worked for Defendant.

20. Defendant's workweek ran from Sunday to Saturday.

21. Plaintiff worked for Defendant in the position of Line Cook from on or about July 1, 2023 to August 12, 2023 and was paid a regular rate of $13.50 per hour during that period.

22. Plaintiff was promoted to General Manager for the remainder of his employment and was considered at least a satisfactory employee during the time he worked as a Line Cook.

23. Defendant tracked Plaintiff's hours worked by requiring him to clock in and out each shift.

24. When Plaintiff was working as a Line Cook, he often worked over forty hours per workweek, and when that occurred, Defendant paid him for those hours over forty hours at an overtime rate of one-and-a-half times his regular rate.

25. Defendant often noted to its employees that Georgia state law does not require employers to provide for meal periods and required hourly employees to work throughout their entire shifts.

26. Defendant began editing Plaintiff's time records and the time records of employees similarly situated to the Plaintiff (Line Cooks and Servers) to include a 30-minute unpaid meal period when no break of any kind was taken.

27. For instance, for the week of July 16, 2023 to July 22, 2023, Plaintiff worked a total of 49.34 hours, including 9.34 overtime hours. However, his time was altered and artificially reduced by Defendant by three (3) hours as follows:

    a. On the day of July 16, 2023, Plaintiff was scheduled to begin work at 2:00 P.M. He arrived and clocked in at 1:42 P.M. Defendant inserted a 30-minute meal break into his day from 1:42 P.M. to 2:12 P.M. and reduced his pay accordingly. Plaintiff did not take a break at that time or any other time during that shift.

4

b. On the day of July 17, 2023, Plaintiff was scheduled to begin work at 2:00 P.M. He arrived and clocked in at 1:44 P.M.  Defendant inserted a 30-minute meal break into his day from 1:44 P.M. to 2:14 P.M. and reduced his pay accordingly. Plaintiff did not take a break at that time or any other time during that shift.

c. On the day of July 18, 2023, Plaintiff was scheduled to begin work at 2:00 P.M. He arrived and clocked in at 1:42 P.M.  Defendant inserted a 30-minute meal break into his day from 1:42 P.M. to 2:12 P.M. and reduced his pay accordingly. Plaintiff did not take a break at that time or any other time during that shift.

d. On the day of July 20, 2023, Plaintiff was scheduled to begin work at 2:00 P.M. He arrived and clocked in at 1:41 P.M.  Defendant inserted a 30-minute meal break into his day from 4:41 P.M. to 5:11 P.M. and reduced his pay accordingly. Plaintiff did not take a break at that time or any other time during that shift.

e. On the day of July 21, 2023, Plaintiff was scheduled to begin work at 2:00 P.M. He arrived and clocked in at 1:41 P.M.  Defendant inserted a 30-minute meal break into his day from 4:41 P.M. to 5:11 P.M. and reduced his pay accordingly. Plaintiff did not take a break at that time or any other time during that shift.

f. On the day of July 22, 2023, Plaintiff was scheduled to begin work at 2:00 P.M. He arrived and clocked in at 1:44 P.M.  Defendant inserted a 30-minute meal break into his day from 4:44 P.M. to 5:14 P.M. and reduced

his pay accordingly. Plaintiff did not take a break at that time or any other time during that shift.

28. Defendant told Plaintiff and another employee, Carl Powell, that it would begin deducting 30 minutes per shift as meal periods for all employees while continuing to require that employees work through their shifts in order to "get labor down to 17.5%."

29. Carl Powell, an employee of Defendant, informed Defendant that he would not assist in this time editing process to insert unpaid breaks when no breaks were taken because it was illegal, putting Defendant on notice of the illegality of this practice / procedure.

30. With very rare exceptions, Defendant knew it was not compliant with the FLSA in falsely adding unpaid breaks into its employees' time records and reducing their pay accordingly.

31. Defendant knew that 99% of time, its employees did not get a break of any kind.

32. Through its unlawful actions, Defendant has deprived Plaintiff and other employees similarly situated of wages, including overtime wages, owed to them.

33. Defendant knew or should have known that Plaintiff and other similarly situated employees were nonexempt and that it should have been paid compensation, including overtime premium compensation, for all hours worked over 40 in a workweek.

34. Defendant acted willfully and in bad faith in failing to pay compensation, including overtime premium compensation, to Plaintiff for hours worked over 40 in a workweek.

## FLSA COLLECTIVE ALLEGATIONS

35. When Defendant deducted time from the records of Plaintiff and other similarly situated employees despite their not having taken any breaks, Defendant failed to pay Plaintiff

6

and other similarly situated nonexempt employees for overtime for the hours which they worked over forty in each workweek in nonexempt positions.

36. When Defendant edited Plaintiff's and other similarly situated employees' time records by deducting 30 minutes from the time records per shift for meal breaks when no meal break was taken, Defendant was also in violation of the FLSA.

37. Plaintiff proposes the following definitions for FLSA collective members:

> All of Defendant's nonexempt employees such as Line Cooks and Servers who were not paid for all overtime hours due to the insertion of false 30-minute unpaid breaks when no breaks were taken from three years before the filing of the complaint to the date of final judgment in this matter.

Plaintiff reserves the right to amend this proposed definition.

### COUNT ONE: VIOLATION OF 29 U.S.C.A. § 207
### FAILURE TO PAY OVERTIME TO NONEXEMPT EMPLOYEES
### BY FALSELY ADDING UNPAID MEALBREAKS TO
### TIME RECORDS WHEN NO BREAK WAS TAKEN

1. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Defendant failed to pay Plaintiff and other similarly situated nonexempt employees such as Line Cooks and Servers for all hours worked over forty in a given workweek from three years before the filing of the complaint to the date of final judgment in this matter in violation of the FLSA, 29 U.S.C. § 207.

42. Plaintiff, on behalf of himself and others similarly situated, hereby claim damages for Defendant's violations of F.L.S.A., 29 U.S.C.A. § 207, including but not limited to lost wages, liquidated damages, attorney fees and court costs.

7

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

A. Trial by jury;

B. An award of all damages for unpaid wages and compensation due to Plaintiff under the FLSA;

C. A finding that Defendant failed to meet its duty to made a good faith effort to learn and comply with the law, and therefore award of liquidated damages pursuant to 29 U.S.C. § 216(b);

D. A finding that Defendant's violations of the FLSA have been willful and that therefore, the statute of limitations for the FLSA claims is three years;

E. A service award from championing the interests of the class;

F. Attorneys' fees and costs;

G. Pre- and post-interest; and

H. Any other relief to which Plaintiff may be entitled.

Dated: March 22, 2024

Respectfully submitted,

By:  /s/ Sergei Lemberg, Esq.
Attorney Bar No.: 598666
Attorney for Plaintiff James Stevens
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250 ext. 5500
Facsimile:   (203) 653-3424
Email: slemberg@lemberglaw.com