# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| JAMES STEVENS *et al.*, | : | |
| | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO.: 7:24-CV-00027 (WLS) |
| | : | |
| 3 SQUARES DINER LLC, | : | |
| | : | |
|     Defendant. | : | |
| | : | |

## ORDER

    The Parties jointly move for final approval of their settlement. (Doc. 39.) Plaintiffs also move for attorneys' fees. (Doc. 38.) After reviewing the motions and their exhibits, the Court concludes that a fairness hearing is necessary. Chiefly, the Parties should be prepared to address two issues:

    First, the low consent rate to join the Collective. The Parties originally identified 239 potential Collective members. (Doc. 39-5 ¶ 5.) As a whole, the Collective could recover a maximum of $55,000. (Doc. 36-3 at 5.) Yet after the notice procedures, only 67 Collective members consented to join, and those members will be issued only about $20,000. (Doc. 39-5 ¶¶ 11, 14.) This recovery is considerably lower than expected. So the Parties should be prepared to discuss the factors that led to this low consent rate (and resulting low recovery) and whether the Court should reopen the notice period or revise the notice procedures.

    Second, whether Class Counsel's fees are reasonable considering the low consent rate and recovery. In addition to the lodestar calculation, the Court may also consider the "results obtained" in determining the reasonableness of an FLSA-attorneys'-fees award. *See James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). As it stands, Class Counsel stands to gain considerably more than the Collective's expected recovery. (*See* Doc. 38 at 1.) Of course, the $35,000 fee requested may nevertheless be reasonable. (*See id.*) But the Parties should be ready to discuss whether the Court should adjust Class Counsel's fees in light of the Collective's low recovery.

1

Beyond these issues, the Parties should be ready to discuss all aspects of the pending motions. But the Court identifies these two issues as its primary concern. The Court will set a hearing by separate notice or order.

**SO ORDERED**, this 23rd day of July 2025.

                                                      /s/ W. Louis Sands
                                                      **W. LOUIS SANDS, SR. JUDGE**
                                                      **UNITED STATES DISTRICT COURT**